IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 18-cv-02207-MSK-STV

CHARLOTTE LEY,

    Plaintiff,

v.

CHARLES SCHWAB AND COMPANY, INC.,

    Defendant.

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's ("Schwab") Motion to Dismiss **(# 13)**, Ms. Ley's response **(# 16)**, and Schwab's reply **(# 22)**; and a motion docketed as Ms. Ley's Motion to Enforce a Confession of Judgment **(# 15)** (which the Court clarifies *infra*), Schwab's response **(# 23)**, and Ms. Ley's reply **(# 24)**. Also pending is a motion by Schawb **(# 14)** seeking to stay proceedings in this case pending the Court's ruling on Schwab's motion to dismiss.

In this action, Ms. Ley asserts claims for sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The dispute presently before the Court relates to the timeliness of Ms. Ley's Complaint and the circumstances surrounding its filing.

In an attachment to her Complaint, titled "Motion to File Out of Time" **(# 2-6)**, Ms. Ley explains that she was issued a Right To Sue letter by the EEOC on May 29, 2018. By operation

1

of 42 U.S.C. § 2000e-5(f)(1), she was required to initiate her action within 90 days thereafter – *i.e.* on or before August 27, 2017. Ms. Ley apparently did not retain her current counsel until August 24, 2017. Counsel prepared the Complaint and sought to file it on the Court's electronic filing system at approximately 11:30 p.m. on August 27, 2017, the last day on which the action could be brought.[1] Due to unexplained circumstances, Ms. Ley's counsel did not complete the filing of the action until 12:08 a.m. on August 28, but no Complaint was filed at that time. At 8:06 a.m. on August 28th, a representative from the Clerk's Office issued an Administrative Notice **(# 1)** directing Ms. Ley to file her Complaint and related documents within 24 hours. Ms. Ley filed the instant Complaint **(# 2)** at 9:30 a.m. that same day.

Schwab moves **(# 13)** to dismiss Ms. Ley's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the initiation of the case (and filing of the Complaint) was untimely and thus her claims are barred. Ms. Ley moved **(#15)** to have the Court deem her Motion to File Out of Time, attached to the Complaint, as "confessed" because Schwab did not respond to it within the time frames set by D.C. Colo. L. Civ. R. 7.1(d).

The Court begins by summarily denying Ms. Ley's motion seeking to deem her Motion to File Out of Time (the "Motion") as confessed. First, by filing the Motion to File Out of Time as an attachment to the Complaint, rather than as a separate document, Ms. Ley violated D.C. Colo. L. Civ. R. 7.1(d), which requires that "A motion shall be filed as a separate document." Second, Ms. Ley's Motion, by definition, violated D.C. Colo. L. Civ. R. 7.1(a) which requires a motion to include a statement reflecting the filer's attempts to confer with their opponent before filing the motion. Ms. Ley's Motion contains no such statement. Third, Ms. Ley's position –

---

[1] In another filing, Ms. Ley's counsel estimates that he began the filing process at 11:40 p.m. instead. The difference in these two estimates does not affect this analysis.

that by operation of Local Rule 7.1(d), Schwab was required to respond to the Motion within 21 days from its filing on August 28, 2018 (that is, by September 18, 2017) – is patently unreasonable insofar as Ms. Ley did not effect service upon Schwab until September 14, 2018. Indeed, were the Court to measure Schwab's response date from the date it was served with the Complaint and the Motion, Schawb timely filed its motion to dismiss that effectively constitutes a response to Ms. Ley's Motion. Accordingly, the Court denies Ms. Ley's request to deem her Motion confessed.

The Court then turns to Schwab's motion. The enforcement provisions of Title VII, 42 U.S.C. § 2000e-5(f)(1), provide that a party must commence an action within 90 days of receipt of a Right to Sue Notice from the EEOC. An identical provision governs Ms. Ley's claim under the ADEA. 29 U.S.C. § 626(e). It appears to be undisputed that Ms. Ley's Complaint was untimely filed, and therefore her action is subject to dismissal unless she can demonstrate that a legal doctrine that excuses the untimeliness. *See e.g. Guevara v. Best Western Stevens Inn., Inc.*, 78 Fed.Appx. 703, 704 (10th Cir. 2003).

Ms. Ley appears to rely upon the "excusable neglect" standard found in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *Pioneer* involved a bankruptcy case in which a creditor sought relief from the late filing of a proof of claim. The court considered the application of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which permits bankruptcy courts to accept untimely filings if the filer's failure to comply with deadlines "was the result of excusable neglect." Likening that rule to Rule 6(b) of the Federal Rules of Civil Procedure, which also permits a court to extend the time for an action required by those rules if a party's failure to comply with a deadline was the "result of excusable neglect," the Supreme Court found that the "excusable neglect" standard was one

3

that could encompass inadvertence by counsel and would not necessarily be limited to circumstances beyond the control of a movant. 507 U.S. at 391-92. *Pioneer* suggests that, in applying an "excusable neglect" standard like those set forth in the rules, courts should consider several factors, including: (i) the danger of prejudice to the non-movant, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith. *Id.* at 395.

But Ms. Ley's reliance on *Pioneer* is misplaced. In that case the deadline imposed was set by a <u>rule</u>, and the issue was whether another <u>rule</u> allowed the deadline to be extended. Here, the deadline is set by <u>statute that limits the filing of an action.</u> Nothing in the Federal Rules of Civil Procedure purports to authorize a court to extend a statute of limitation or excuse a party's untimely commencement of an action.

A request to extend the time to bring an action limited by statute or to excuse the lateness of an untimely-commenced case is founded in the court's equitable power to toll non-jurisdictional statutes of limitation. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). In *Holland,* the Supreme Court considered the one-year statute of limitation for the bringing of a *habeas corpus* petition under 28 U.S.C. § 2244(d). Due to his counsel's negligence, the petitioner filed his petition several weeks after the limitation period had expired. Both the trial and appeals court refused to equitably toll the limitation period, with the 11th Circuit stating that professional negligence does not constitute an "extraordinary circumstance" permitting tolling.

The Supreme Court's analysis in *Holland* is instructive. For non-jurisdictional limitation periods, a party seeking equitable tolling must show: (i) that the party was diligently pursuing its rights, and (ii) that "some extraordinary circumstance" prevented the party from acting timely.

4

560 U.S. at 649. The Court rejected the 11th Circuit's rule that attorney negligence can never constitute "extraordinary circumstances." *Id.* at 650-61. But it suggested that the standard was nevertheless not a particularly forgiving one. For example, it explained that "a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id.* at 651-52.

The Supreme Court further clarified that standard in *Menominee Indian Tribe v. U.S.*, 136 S.Ct. 750 (2016). There, the petitioner tribes failed to meet certain statutory limitation periods for actions challenging contract disputes with the federal government, due to the tribes' mistaken belief that their claims were affected by another pending class action. The tribes requested equitable tolling of the limitation periods to allow the claims to proceed. The trial courts refused such tolling, and the Court of Appeals affirmed, requiring that, to show "extraordinary circumstances," the tribes had to show "an external obstacle to timely filing, *i.e.* that the circumstances that caused a litigant's delay must have been beyond its control." 136 S.Ct. at 756. The Supreme Court affirmed, explaining that the principles of *Holland* "would make little sense if equitable tolling were available when a litigant was responsible for its own delay." *Id.* (emphasis in original). It went on to "reaffirm that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control."[2] *Id.* (emphasis in original).

Title VII's limitation period is considered to be non-jurisdictional, and thus is susceptible to equitable tolling in proper circumstances. *Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1267 (10th Cir. 1996). The Court notes that Ms. Bey did not obtain representation of counsel until

---

[2] In *dicta*, the Court in *Menominee* seems to indicate that ordinary civil cases might warrant a more exacting standard for equitable tolling than a *habeas* case like *Holland*. *Id.* at n. 2.

5

Aug. 24, three days before her time for file a Complaint expired. No explanation for that delay is offered. However, the Court will assume, without finding, that because Ms. Ley retained counsel prior to the deadline for filing her action, she diligently pursued her claims.

However, Ms. Ley has not satisfied the second element, that her timely filing was prevented by "extraordinary circumstances" "beyond her control" as contemplated by *Menominee*. Ms. Ley attributes her delay to unspecified "technical difficulties" that prevented her from completing the electronic filing of the Complaint on August 27. Ms. Ley offers no explanation of what these difficulties were other than the statement that her counsel "ma[de] several attempts" to "upload the complaint," but was forced to cancel those attempts "when the documents wouldn't upload."[3]

Many actions that might fall within the vague category of "technical difficulties". Some, such as unfamiliarity with the court's electronic filing interface or incorrectly-formatted pleadings being rejected by the electronic filing system that are within the control of Ms. Ley's counsel and therefore do not satisfy the equitable tolling test. Other types of technical difficulties, such as transmission delays or intermittent server resets or reboots, might be outside counsel's control but are so common in the everyday use of technology that they, too, could not constitute "extraordinary" circumstances warranting equitable tolling. In the absence of an explanation of what the "technical difficulties" were, the Court cannot determine that they both were "extraordinary" and outside Ms. Ley's control. Accordingly, Ms. Ley has not satisfied the burden of demonstrating that equitable tolling is appropriate.

---

[3] Ms. Ley's counsel also offers a seemingly-irrelevant explanation regarding lingering health effects he suffered from "exhaustion" stemming from a trial he participated in in April 2018, nearly five months earlier, and a lingering ear infection that he contracted in May 2018. The Court finds that these facts do not bear upon the reasons why counsel was unable to file the Complaint between 11:30 p.m. and 12:00 p.m. on August 27, 2018.

The Court is mindful of the harsh result of enforcing a statute of limitation - Ms. Ley is prevented from pursuing her discrimination claims because her action was initiated approximately 8-minutes late.[4] But the Court is also mindful of the Supreme Court's advisement in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984), that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," and that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law." *See also Villareal v. R.J. Reynolds Tobacco Co.*, 839 P.3d 958, 971 (11th Cir. 2016). Ms. Ley had the benefit of a full 90 days from the receipt of her Right to Sue notice to decide whether she wished to bring an action and, if she did, to do so. However, in the absence of a showing of extraordinary circumstances beyond her (or her counsel's) control, there is no difference in result between initiation of an action 8 minutes or 8 months late. Her claims must be dismissed.

---

[4] The Court expresses no opinion on how Ms. Ley's failure to file the actual Complaint until approximately 9:30 a.m. the following day would otherwise affect the analysis. This Court will treat the opening of the case at 12:08 a.m. on August 28, 2018 to be the moment the case was commenced for limitations purposes.

Accordingly, Ms. Ley's Motion to Enforce **(# 15)** is **DENIED**. Schwab's Motion to Stay **(# 14)** is **DENIED AS MOOT**. Schwab's Motion to Dismiss **(# 13)** is **GRANTED**, and Ms. Ley's claims in this action are **DISMISSED** as untimely. The Clerk of the Court shall close this case.

Dated this 4th day of June, 2019.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge